# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| PROAMPAC HOLDINGS, INC., | : | Case No. 1:20-cv-417 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| FIRST SOURCE, LLC, | : | |
| Defendant. | : | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 9)

This case is before the Court on Plaintiff ProAmpac Holdings, Inc.'s motion for default judgment. (Doc. 9). Defendant did not respond.

## I. BACKGROUND

Plaintiff brings this action for breach of contract, action on account, unjust enrichment, and promissory estoppel against Defendant First Source, LLC. (Doc. 1). Plaintiff seeks compensatory damages in the sum certain amount of $369,950.60, plus 1.5% per month interest, and costs. (Doc. 9).

Plaintiff filed the complaint on May 26, 2020. (Doc. 1). Defendant was served with a copy of the summons and complaint on May 29, 2020. (Doc. 4).[1] Pursuant to Fed. R. Civ. P. 12(a), Defendant was required to file and serve an answer no later than June 19, 2020. To date, no responsive pleading has been filed or served. On June 29,

---

[1] In an abundance of caution, Plaintiff served Defendant twice – both personally at Defendant's principal place of business (Doc. 4) and by statutory agent (Doc. 5). (Doc. 9-1 at ¶¶ 4–5).

2020, the Clerk properly entered default. (Doc. 7). Subsequently, Plaintiff requested the Clerk enter default judgment against Defendant pursuant to Fed. R. Civ. P 55(b)(1). (Doc. 8). Three weeks later, "no judgment having been entered yet," Plaintiff filed the instant motion for default judgment. (Doc. 9; Doc. 9-1 at ¶ 9).

## II.　　STANDARD OF REVIEW

Applications for default judgment are governed by Fed. R. Civ. P. 55. A party may seek a default judgment under Rule 55(b)(1) after the Clerk has issued an entry of default under Rule 55(a). Fed. R. Civ. P. 55(a)–(b)(1). A default judgment is appropriately granted under Rule 55(b)(1) when the plaintiff's claim is for a sum certain and the defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1). In connection with a Rule 55(b)(1) application for default judgment by the Clerk, the plaintiff must submit an appropriate affidavit showing the amount due. *Id*. In all other cases, the party must apply to the court for a default judgment.

"Following the clerk's entry of default pursuant to Fed. R. Civ. P. 55(a) and the party's application for default under Rule 55(b), the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Wood v. Bronzie*, No. 1:20-CV-231, 2020 WL 4015247, at *1 (S.D. Ohio July 16, 2020) (quotation and citations omitted). While liability may be shown by well-pleaded allegations, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07-14004, 2010 WL 2572713, at *4 (E.D. Mich. June. 23, 2010).

"Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'" *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). However, "Rule 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court." *Caterpillar Fin. Servs. Corp. v. C &D Disposal Techs.*, No. 2:12-CV-00077, 2012 WL 12883333, at *1 (S.D. Ohio July 10, 2012).

## III. ANALYSIS

As an initial matter, the Court addresses Plaintiff's implication that the Clerk failed to enter default judgment. (Doc. 9 at 2, fn. 1; Doc. 9-1 at ¶ 9). Plaintiff states that it "initially requested that the Clerk enter judgment in the amount of $369,950.60, plus 1.5% interest per month and costs, against First Source in accordance with Fed. R. Civ. P. 55(b)(1). However, no judgment having been entered yet, [Plaintiff] hereby requests that the Court enter said judgment under Fed. R. Civ. P. 55(b)(2)." (Doc. 9-1 at ¶ 9).

A claim for damages under Rule 55(b)(1) "is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Highway Com. Servs., Inc. v. Zitis*, No. 2:07-cv-1252, 2008 WL 4115512, at *2 (S.D. Ohio Aug. 28, 2008) (citation omitted). Plaintiff's Rule 55(b)(1) application with the Clerk failed because Plaintiff seeks an unidentified amount of "costs." These "costs" are not a sum certain amount. Thus, it was wholly appropriate for the Clerk to refrain

from entering default judgment. *Nat'l Auto Grp., Inc. v. Van Devere, Inc.*, No. 5:20-CV-2543, 2021 WL 1857143, at *3 (N.D. Ohio May 10, 2021) ("Where, as here, all of plaintiffs' default judgment claims cannot be determined under Rule 55(b)(1), the issue of default judgment must be decided under Rule 55(b)(2)").

Accordingly, the Court moves on to Plaintiff's request for default judgment pursuant to Rule 55(b)(2).

Defendant's failure to respond to the complaint, application for entry of default, or motion for default judgment has made it clear that Defendant has no intention of defending this action. The factual allegations in the complaint, except those related to the amount of damages, are deemed true. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Thus, upon review of the record, the undersigned finds that default judgment is warranted in this case. And, with liability established, the Court must determine the extent of damages.

Plaintiff seeks compensatory damages of $369,950.60, plus interest at 1.5% per month, as well as costs. The amount claimed of $369,950.60, plus interest at 1.5% per month is supported by the complaint, Defendant's account statement with Plaintiff (Doc. 1-2; Doc. 9-1, Ex. A), the contract between Plaintiff and Defendant (Doc. 1-1), and the Affidavit of Andrew B. Cassidy (Doc. 9-1). Based on this documentary evidence, the Court is capable of ascertaining the amount of damages, and a hearing on damages is not required. Accordingly, the Court finds that Plaintiff is entitled to damages in the amount of $369,950.60, plus interest at 1.5% per month.

However, Plaintiff also seeks "costs." (Doc. 9). "Costs" are not defined by Plaintiff, nor do the documents provided by Plaintiff provide any reasonable certainty as to the amount of claimed "costs." At most, Plaintiff is seeking "legal fees, expenses, and other costs" pursuant to the agreement between the parties. (Doc. 1-1 at 3). However, Plaintiff provides no evidence for the Court to ascertain the amount of said "costs." Accordingly, Plaintiff's request for "costs" is denied without prejudice.

### IV. CONCLUSION

For these reasons:

1. Plaintiff's motion for default judgment (Doc. 9) is **GRANTED in part and DENIED in part**.

2. Plaintiff's request for damages in the amount of $369,950.60, plus interest at 1.5% per month is **GRANTED**.

3. Plaintiff's request for "costs" is **DENIED without prejudice**. Plaintiff may renew its motion for "costs" with appropriate documentation within fourteen (14) days of this Order. If no motion is timely filed, the case will be terminated on the docket of this Court.

4. The Clerk **SHALL** enter judgment in Plaintiff's favor and against Defendant.

**IT IS SO ORDERED.**

Date: 6/8/2021

*Timothy S. Black*
Timothy S. Black
United States District Judge